UNITED STATES of America, Plaintiff—Appellee,

v.

Martin CHAVEZ–CUEVAS, Defendant—Appellant.

No. 06–30383.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monte Stiles, Esq., Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Esq., Kuna, ID, for Defendant–Appellant.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Martin Chavez–Cuevas appeals from the district court's decision, following a limited remand under *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Chavez–Cuevas contends that the district court erred by adding one criminal history point for a drunk driving conviction he never sustained. This contention fails because the prior conviction was proven by a preponderance of the

evidence, using sufficiently reliable information. *See United States v. Marin–Cuevas*, 147 F.3d 889, 894–95 (9th Cir.1998). Moreover, any error is harmless because even if Chavez–Cuevas received one less criminal history point his advisory sentencing range would be the same. *See United States v. Cantrell*, 433 F.3d 1269, 1279–80 & n. 4 (9th Cir.2006).

We also conclude that the district court did not clearly err when it determined, by a preponderance of the evidence, that Chavez–Cuevas was responsible for 34.33 kilograms of methamphetamine. *See United States v. Kilby*, 443 F.3d 1135, 1140–41 (9th Cir.2006).

Chavez–Cuevas's contention that the district court misapplied the Sentencing Guidelines by giving him three criminal history points for committing the instant offense while under a criminal justice sentence, pursuant to U.S.S.G. § 4A1.1(d), and less than two years following his release from confinement, pursuant to U.S.S.G. § 4A1.1(e), is not properly before this court. *See United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006); *cf. United States v. Thornton*, 511 F.3d 1221, 1227 (9th Cir.2008) (recognizing that the appellant's sentencing issues were properly before the court on appeal from an *Ameline* remand only because the appellant raised the issues in his initial appeal to this court).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.